UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIDANE B. MENGESHA,

    Plaintiff,

v.                                          CASE NO. 3:16cv446-MCR-GRJ

MARCUS J. STOKES, et al.,

    Defendants.
_____/

## **O R D E R**

This cause is before the Court on consideration of the Magistrate Judge's Report and Recommendation dated November 22, 2017, ECF No. 55, recommending that Defendants' motion for summary judgment be granted in part and denied in part. Plaintiff has been furnished a copy of the Report and Recommendation and was afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).

The Court has made a *de novo* determination of the timely filed objections. ECF No. 58. *See Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (stating *de novo* review "require[s] independent consideration of factual issues based on the record"). Having considered the Report and Recommendation, the objections, and the record, the Court has determined that the

Report and Recommendation should be adopted. Defendants argue that their summary judgment motion should have been denied as moot in light of the amended complaint, but this was not required. The Court finds that judicial economy was well served by considering the motion with regard to the amended complaint because no new claims were asserted. The only addition was a request for "such other relief" to which Plaintiff may be entitled, which the Magistrate Judge construed as a request for nominal damages. The Court disagrees with the Defendants' contention that this so fundamentally altered the claim that their prior motion for summary judgment must be considered moot. This objection is overruled.

Defendants also object on grounds that the Magistrate Judge did not analyze the physical injury under § 1997e(e). The Report and Recommendation sets forth the relevant law and analyzed the facts under the relevant standards, while fully recognizing, as has the Eleventh Circuit, that "the meaning of the phrase 'greater than de minimis' . . . is far from clear."[1] *Chatham v. Alcock*, 334 F. App'x 281, 283 (11th

---

[1] The Prison Litigation Reform Act does not define physical injury. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007). However, as the Magistrate Judge noted, the Eleventh Circuit has instructed that to avoid dismissal under § 1997e(e), "a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." *Mann v. McNeil*, 360 F. App'x 31, 31 (11th Cir. 2010) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002)). The injuries need not be "significant," but mere discomfort is insufficient. *See Dixon*, 225 F. App'x at 799; *Harris v. Garner*, 190 F. 3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on rehearing*, 216 F.3d 970 (2000).

Case No. 3:16cv446-MCR-GRJ

Cir. 2009). After a *de novo* review of the record and the law, the Court finds that the analysis is correct.

The Defendants argue that swelling, bruises and an abrasion–the only documented injuries–are not sufficient under § 1997e(e). They also object to the Magistrate Judge's finding that they did not dispute the claim of shoulder dislocation, arguing they disputed it by showing the lack of medical evidence to support it, and they contend that the Plaintiff cannot create a question of fact based on uncorroborated allegations. The objections will be overruled. Credibility determinations are not proper on summary judgment, and even self-serving testimony can be a basis for denying summary judgment. *See United States v. Stein*, 881 F.3d 853, 858 (11th Cir. 2018) (noting that "a plaintiff's own testimony may be sufficient to withstand summary judgment" and no corroboration is required under Rule 56). Plaintiff's testimony is neither conclusory nor is it necessarily inconsistent with the medical records in this case. Although no shoulder dislocation was noted in medical records from the incident, Plaintiff testified that the guards used force to pop his shoulder back into place instead of providing him medical assistance and states he suffered extreme pain. This testimony, together with his recorded history of shoulder dislocation and noted swelling, bruises and an abrasion on the day in question, is sufficient to give rise to a question of fact as to whether Plaintiff suffered an injury

that rose above the de minimis level. Moreover, even if compensable injury ultimately is not found, "nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307–08 (11th Cir. 2015).

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order, and the Motion for Summary Judgment, ECF No. 39, is granted in part and denied in part.

2. Plaintiff's claims against Defendants in their official capacities are dismissed.

3. Plaintiff's sexual abuse claims against Defendants Pugh, West, and Lathan in their individual capacities are dismissed.

4. Plaintiff's racial discrimination claims against Defendants in their individual capacities are dismissed.

5. The case is referred to Magistrate Judge Miles Davis for a settlement conference to be conducted within ninety (90) days. Trial will be scheduled by separate order.

**DONE AND ORDERED** this 27th day of June 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**